Joseph C. Head and Ella T. Head Trust, The Union Trust Company of Pittsburgh, Co-Trustee v. Commissioner.
Head Trust v. Commissioner
Docket No. 3729.
United States Tax Court
1945 Tax Ct. Memo LEXIS 267; 4 T.C.M. (CCH) 310; T.C.M. (RIA) 45094; March 14, 1945
*267 Robert W. Smith, Esq., Bank & Trust Bldg., Greensburg, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: This proceeding involves income tax deficiency for the calendar year 1940 in the amount of $2,102.11. The sole contested issue is the petitioner's cost basis for determining long-term capital gain or loss on the sale in 1940 of 3,260 shares of Ruberoid stock held by it in a trust created in 1929. The facts were all stipulated and are adopted as our findings of fact. The Union Trust Company of Pittsburgh (hereinafter referred to as the "Corporation") is a corporation with its office located in the Union Trust Building, Pittsburgh. The income tax return for the year involved was filed with the collector of internal revenue for the 23rd district of Pennsylvania at Pittsburgh, Pennsylvania. [The Facts] On January 7, 1929, Joseph C. Head, as grantor, executed an irrevocable trust in which the Corporation and Eleanor Head Lynch were designated as joint trustees. Briefly summarized, the trust instrument provided that two-thirds of the income was to be paid to the grantor during his life and one-third of *268 the income to his wife, Ella T. Head, for life, and all the income to be paid to the survivor during life; upon the death of the survivor the net income was to be paid in equal shares to his three daughters; upon the death of the daughter last surviving the corpus was to be distributed to certain beneficiaries. Joseph C. Head, the grantor, died September 12, 1938. The corpus of the trust was appraised at the sum of $677,477.88 as of the date of the grantor's death. Upon audit of the estate tax return, the internal revenue agent claimed that the trust was in violation of the Pennsylvania rule against perpetuities. The executrices of the grantor's estate conceded the issue of invalidity of the remainder interests. The value of the remainder interests was $221,823.12, which was included in the gross assets of decedent's estate and the Federal inheritance tax paid. During 1940 the trustees sold certain securities of the trust estate. Among the securities sold were 3,260 shares of Ruberoid Company capital stock. In the fiduciary income and defense tax return for the year 1940 the trustees computed the taxable long-term net capital gain or loss resulting from the sale of the 3,260 shares *269 of Ruberoid Company stock by allocating to two-thirds thereof the value of $28 per share, the fair market value of the shares at the date of the grantor's death. To the remaining one-third shares the trustees used the grantor's cost basis of $4.62367. As a result of this computation the trustees claimed a long-term net loss of $8,898.59. The respondent, using the grantor's cost basis with respect to the entire 3,260 shares, determined a long-term net capital gain. Upon this adjustment, along with other adjustments not contested, the respondent determined the deficiency involved herein. The shares of Ruberoid Company stock, which give rise to this controversy were received by the trustees when the trust was created in 1929. The basis for determining gain or loss on its disposition is the same as it would be in the hands of the grantor. [1] It is conceded that the grantor's cost of the 3,260 shares of the Ruberoid Company's capital stock was $4.62367 per share. The respondent's use of that figure as the cost price of the shares in determining the taxable gain or loss on the disposition of such shares in 1940 by the trustees appears to be proper. *270 The trustees, while admitting the general rule, argue since in appraising the grantor's estate for Federal inheritance tax purposes, the issue was raised by the internal revenue agent concurred in by the executrices of the estate, that the remainder interests under the trust were void as in violation of the rule against perpetuities and the value of such remainders taxed, the property passed by intestacy or inheritance. Thus the cost to the trustees of the Ruberoid shares was their fair market value at the time of the grantor's death, i.e., $28 per share as to the two-thirds interest in such shares. We find no merit in this contention. No estoppel is pleaded or proved. The estate of the decedent and the trust were two separate tax entities. ; . The validity of the trust instrument has never been judicially determined. Assuming, arguendo, that the remainders violated the rule against perpetuities and to that extent the trust was void, the life interests would not be affected. ; ; ; *271 . The trustees do not contend to the contrary. Hence, the trustees received and disposed of the contested property under a valid and continuing trust. Under such circumstances section 113 (a) (3) governs as to the cost basis for determining the taxable gain or loss respecting the questioned transaction. . The respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 113. INTERNAL REVENUE CODE. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * * * *
(3) Transfer in Trust After December 31, 1920. - If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.↩